# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ernest Whittington, Petitioner Below,**
**Petitioner**

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1243** (Kanawha County 12-AA-152)

**Steven O. Dale, Acting Commissioner of the**
**West Virginia Division of Motor Vehicles,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Ernest Whittington, by counsel Carter Zerbe and David Pence, appeals the Circuit Court of Kanawha County's September 6, 2012 order remanding the matter to the West Virginia Division of Motor Vehicles ("DMV") for further findings of fact. Respondent Commissioner, by counsel Janet E. James, has filed a response, to which petitioner has filed a reply.[1] On appeal, petitioner alleges that the circuit court erred in remanding the matter for further findings. Respondent raises a cross-assignment of error also alleging error in the circuit court's remand.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the parties' appeal is premature because the circuit court has not made a ruling on the merits of the checkpoint's legality. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2007, petitioner was arrested for DUI following an encounter with law enforcement at a safety checkpoint. That same month, petitioner's driving privileges were revoked and his commercial driver's license was disqualified. An administrative hearing was held in January of 2009. By a final order issued in August of 2009, the DMV upheld the revocation of petitioner's driving privileges and disqualification of his commercial driver's license. Petitioner then appealed to the circuit court. Following a hearing in September of 2012, the circuit court entered an order remanding the matter for additional findings of fact and conclusions of law. It is from this order that petitioner appeals to this Court.[2]

---

[1] Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, we have replaced the original respondent, Joe Miller, with Steven O. Dale, who is the current acting commissioner of the West Virginia Division of Motor Vehicles.

[2] In his appeal to the circuit court, petitioner raised four assignments of error. In the order being appealed, the circuit court stated that it rejected three of these assignments of error and remanded the matter in regard to petitioner's first assignment of error only. On appeal to this Court, no parties raise any assignment of error in regard to the circuit court's rejection of

1

"On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W. Va.Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syllabus point 1, *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996)."

Syl. Pt. 1, *Carpenter v. Cicchirillo*, 222 W.Va. 66, 662 S.E.2d 508 (2008). Upon our review, the Court declines to address the merits of the parties' assignments of error because the matter is premature.

An interlocutory order can be appealed if it is certified pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure. "The key to determining if an order is final is not whether the language from Rule 54(b) . . . is included in the order, but is whether the order approximates a final order in its nature and effect." Syl. Pt. 1, in part, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). While the circuit court noted that the order being appealed is a final order, the Court finds that in regard to petitioner's first assignment of error raised in the circuit court, the order is not final in nature and effect.

In substance, both parties argue that the circuit court erred in remanding the matter because the circuit court should have ruled in their respective favors. However, the Court declines to substitute its judgment for that of the circuit court. At this point, no ruling has been issued on the underlying appeal in regard to petitioner's assertion that the safety checkpoint at issued violated his rights under the Fourth Amendment to the United States Constitution. After careful consideration, this Court dismisses petitioner's appeal as premature. The Court notes, however, that nothing in this memorandum decision prevents the parties from appealing any order that the circuit court eventually enters in regard to petitioner's appeal from his administrative proceeding.

Dismissed as premature.

**ISSUED:** November 26, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

petitioner's last three assignments of error, and this memorandum decision, accordingly, addresses only the circuit court's ruling remanding for additional evidence in regard to petitioner's first assignment of error.